UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KARLA LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 3:24-cv-88 |
| | ) |
| SOUTH BEND COMMUNITY SCHOOL | ) |
| CORPORATION and SOUTH BEND | ) |
| EMPOWERMENT ZONE, INC., | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1.      Comes now the Plaintiff, Karla Lee ("Plaintiff"), by undersigned counsel, and hereby files this lawsuit against the Defendants South Bend Community School Corporation ("SBCSC") and South Bend Empowerment Zone, Inc. (the "Zone") under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII") and the Age Discrimination in Employment Act Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq*.

**PARTIES**

2.      Plaintiff has resided within the Northern District of Indiana at all relevant times.

3.      SBCSC is a school corporation formed under Indiana law and located within St. Joseph County in the Norther District of Indiana.

4.      The Zone is a domestic, nonprofit corporation doing business in the Northern District of Indiana.

**JURISDICTION AND VENUE**

5.      Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343, 42 U.S.C. § 2000e-5(f)(3) and 29 U.S.C. §626.

6.      Plaintiff was an "employee" within the meaning of 42 U.S.C. § 2000e(f) and 29 U.S.C. §630(f).

7.      Defendants are "employers" within the meaning of 42 U.S.C. § 2000e(b) and 29 U.S.C. §630(b).

8.       Plaintiff satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a right-to-sue notice to Plaintiff. She now timely files her lawsuit.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

10.      Plaintiff is an African American female over the age of 40.

11.      Defendant hired Plaintiff on or around August 1993. At all relevant times, Plaintiff's position with Defendant was Principal for Harrison Elementary School.

12.      Effective April 29, 2019, Defendant entered a Memorandum of Agreement with the Zone, which delegated the operation and management of five of SBCSC's schools, including Harrison Elementary School.

13.      As of April 29, 2019, Defendants jointly employed Plaintiff.

14.      At all relevant times, Plaintiff's work performance met Defendants' reasonable expectations.

15.      On or about December 2, 2022, Plaintiff attended a meeting with Dr. Davion Lewis (Chief of the Zone), Ronda Ross (Executive Director of Operations), and Julia Tao (Chief of Staff). Plaintiff was put on administrative leave, allegedly for the following reasons: negligent supervision of special education staff, receiving complaints of bullying/retaliation, manipulating data, and sending improper communications.

16.     Plaintiff was not responsible for supervising or evaluating Speech Language Pathologists in her capacity as Principal. Rather, such duties were held by Sandra Spicher (former Director of Exceptional Learners) and Tracy Hickey (Special Education Supervisor).

17.     At the meeting, Dr. Lewis only cited quarterly survey statistics pertaining to the entire school district in addressing the complaints of bullying/retaliation, rather than data specifically pertaining to Harrison Elementary. Additionally, Dr. Lewis did not cite any specific incidents regarding data manipulation. The only complaint Plaintiff is aware of concerns a staff member's email found in violation of the student discipline policy. Plaintiff informed Dr. Lewis that assistant principal, Bibi Hardrict, was responsible for investigating and responding to student discipline pursuant to the student code of conduct. Dr. Lewis also claimed that Plaintiff used improper language in certain correspondence to an existing partnership regarding a continued relationship and student fundraiser opportunity. Plaintiff was never given the findings of any related investigation, in violation of SBCSC policy.

18.     On or about December 9, 2022, Plaintiff attended a meeting with the same members present from the December 2nd meeting. Dr. Lewis indicated that although her staff "clearly loves" her, Defendant would still go through with her separation due to the workplace bullying issues. Dr. Lewis failed to provide Plaintiff with due process with respect his attempt to separate Plaintiff from employment. Plaintiff then requested to retire from the Principal position, as she received notice that she was eligible to do so in the fall of 2022. Plaintiff was also forced to attempt to provide documentation to Davion Lewis and Ronda Ross of retirement eligibility during the meeting. Plaintiff was unable to do so because she did not possess her Indiana Public Retirement System (INPRS) login information.

19.     On or about January 5, 2023, Plaintiff attended an initial meeting with an INPRS representative, in compliance with the resignation agreement. The representative informed her that she was ineligible to retire because SBCSC did not accurately account for her years of service. Plaintiff was informed that the application would be paused until SBCSC reconciled the length of her service.

20.     On or about January 6, 2023, Plaintiff's job title was changed from Principal to South Bend Empowerment Zone School Leader Transition Advisor.

21.     On or about January 31, 2023, Plaintiff received a notice of the non-renewal of her administrative contract from Director of Human Resources, Kamika Velmond. Plaintiff also received a letter from Assistant Superintendent, Sarita Stevens, indicating the following reasons for the non-renewal: an overall restructuring of the district, streamlining administrative processes, and eliminating surplus positions. Alleged factors also included declining student enrollment, changes and reductions in funding, and leadership priorities.

22.     On or about February 8, 2023, a meeting was held per Plaintiff's request to discuss the non-renewal notice. Stevens indicated that the Harrison Elementary School Principal's non-renewal notice was due to a decline in student population and reduction in force/streamlining. Stevens also stated that it was Plaintiff's responsibility to resolve the issue with the INPRS application.

23.     On or about February 10, 2023, Plaintiff contacted Stevens and requested a private meeting with the South Bend School Board of Trustees, which was held on February 22, 2023. At the meeting, the Board voted to rescind the non-renewal notice.

24. On or about February 28, 2023, Plaintiff received a formal notice of renewal for her administrative contract for the 2023-2024 school year. On March 15, 2023, Plaintiff received confirmation for placement as a 6th Grade Math Teacher at Jackson Middle School.

25. SBCSC's Board of Trustees declined to renew Plaintiff's contract for her Principal position at Harrison Elementary because of her age, race, and/or sex. The Board also did not assign Plaintiff another South Bend Community School Corporation Principal or Administrative position. Several other similarly situated individuals who were not over 40 years old and/or are not African American and/or are males received administrative contract renewals. Such individuals include but are not limited to the following: Joseph Somers (white male), Mansour Eid (white male), Laura Krieger (white female), and Francois Bayingana (black male).

26. Additionally, on or about July 2022, Defendants failed to promote Plaintiff to the Chief position of the South Bend Empowerment Zone because of her age, race, and/or sex. Davion Lewis, a significantly younger male with significantly less experience was selected instead. In addition, Roxana Zapata (Executive Director of Teaching and Learning) and Isaias Solis (Executive Director of Student Services) were promoted. Also, Lisa Richardson (black female) was transferred from a South Bend Empowerment Zone school to a South Bend school as a principal. Further, Devetta Farrow (black female) was moved from a South Bend Empowerment Zone school to a South Bend school as an assistant principal.

27. Defendants has accorded more favorable treatment to similarly situated individuals who are under 40 years old or significantly younger, of different races, and/or are males.

28. Defendants discriminated against Plaintiff because of her age, race, and/or sex.

## COUNT I

### TITLE VII – SEX DISCRIMINATION

29.    Plaintiff hereby incorporates paragraphs 1-28 of her Complaint.

30.    Defendants took adverse employment actions against Plaintiff because of her sex.

31.    Defendants' unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights protected by Title VII.

## COUNT II

### TITLE VII – RACE DISCRIMINATION

32.    Plaintiff hereby incorporates paragraphs 1-31 of her Complaint.

33.     Defendants took adverse employment actions against Plaintiff because of her race.

34.    Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

### COUNT III - VIOLATION OF THE ADEA.

35.    Plaintiff hereby incorporates paragraphs 1-34 of her Complaint.

36.    Defendants intentionally and willfully discriminated against Plaintiff because of her age

30.    Similarly situated younger employees have been treated more favorably than Plaintiff in the terms, conditions, and privileges of their employment.

32.    Defendants' discriminatory practices have caused Plaintiff to suffer damages.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Karla Lee respectfully requests that this Court find for her and order that:

1.    Defendants pay lost wages and benefits to Plaintiff;

2.      SBCSC pay compensatory damages to Plaintiff;

3.      The Zone pay compensatory and punitive damages to Plaintiff;

4.      Defendants pay liquidated damages to Plaintiff;

5.      Defendants pay pre- and post-judgment interest to Plaintiff;

6.      Defendant pays Plaintiff's attorneys' fees and costs incurred in this action; and

7.      Any and all other legal and/or equitable damages that this Court determines just and proper to grant.

Respectfully submitted,


*s/ John H. Haskin*
John H. Haskin

*s/ Craig M. Williams*
Craig M. Williams

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570
Email: jhaskin@jhaskinlaw.com
Email: cwilliams@jhaskinlaw.com

8

**DEMAND FOR JURY TRIAL**

Plaintiff, Karla Lee, respectfully requests a jury trial for all issues deemed triable.


Respectfully submitted,


*s/ John H. Haskin*
John H. Haskin

*s/ Craig M. Williams*
Craig M. Williams

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570
Email: jhaskin@jhaskinlaw.com
Email: cwilliams@jhaskinlaw.com